IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

Michael LYONS,
        Defendant.

Criminal Action No. 14-129

**MEMORANDUM OPINION**

Conti, Chief District Judge

## I. Introduction

Defendant Michael Lyons ("defendant") filed a motion (ECF No. 99) to revoke the order of detention pending trial issued by the magistrate judge. After reviewing the proceedings before the magistrate judge, the pretrial services report, the submissions of the parties, and the evidence and argument at the hearing held on July 3, 2014, the court denied defendant's motion. The defendant will be detained without bond pending trial for the reasons set forth below.

On May 21, 2014, a grand jury returned an indictment charging defendant with conspiracy to possess with intent to distribute and to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i). The magistrate judge held a detention hearing on June 2, 2014. The magistrate judge found that the rebuttable presumption set forth in 18 U.S.C. § 3142(e)(3) applied to defendant and that defendant did not rebut the presumption. (ECF No. 74.) Defendant was ordered detained pending trial.

## II. Legal Standards

A judicial officer must determine whether a defendant should be detained or released pending trial. 18 U.S.C. § 3142(a). A defendant may be released on personal recognizance or an unsecured appearance bond, or, if necessary to assure the appearance of the defendant and safety of the community, release may be subject to conditions. *Id.* § 3142(b) and (c). If no condition or combination of conditions will reasonably assure the appearance of the defendant or safety of the community, the

judicial officer shall order that the defendant be detained prior to trial. *Id.* § 3142(e). In certain cases, a rebuttable presumption that no conditions or combination of conditions will reasonably assure the appearance of defendant as required or the safety of the community applies. *Id.* § 3142(e)(3). This rebuttable presumption applies to, among others, cases in which there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3)(A). An indictment charging defendant with a crime punishable by imprisonment for ten years or more under the Controlled Substances Act triggers this presumption. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

If the presumption applies, the defendant must "produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (per curiam). This burden of production is "relatively light." *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). The factors to be considered by the court in determining whether the defendant has rebutted the presumption are set forth in 18 U.S.C. § 3142(g). *Carbone*, 793 F.2d at 561. The four factors are

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

If the presumption is rebutted, the government must show that no condition or combination of conditions would reasonably ensure the appearance of the defendant or safety of the community if defendant were to be released. 18 U.S.C. § 3142(f). Proving that the defendant poses a danger to the community requires clear and convincing evidence. *Id.* With respect to proving that the defendant is a flight risk, the government's burden is a preponderance of the evidence. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The factors in 18 U.S.C. § 3142(g) guide the court's analysis. *Id.* The rebutted presumption retains evidentiary weight. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991).

Applying the above standards, the court reviews the magistrate judge's detention decision de novo. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985).

## III. Discussion

The indictment charges defendant with conspiracy to possess with intent to distribute and to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin. The penalty for this offense is a minimum of ten years to a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A). As an initial matter, the court notes and defendant does not dispute that the rebuttable presumption in 18 U.S.C. § 3142(e) applies.

### A. *Evidence Before the Magistrate Judge*

At the detention hearing before the magistrate judge, the government offered into evidence two police reports. (Hr'g Tr. 21:21–24, June 2, 2014.) The first report

showed that on January 17, 2014, Pittsburgh Police officers conducted a search of vehicle driven by defendant and seized forty "bricks" of heroin.[1] (*Id.* at 20:5–9.) Officers also found suspected marijuana and more than $4,500 in cash on defendant's person. (ECF No. 105, at 9.) The second report, from the Wilkinsburg Police Department, showed that officers seized five bricks of heroin from defendant's car in April 2014. (Hr'g Tr. 20:10–13, June 2, 2014.) Defendant also had on his person a small bag of suspected marijuana and approximately $3,000 in cash. (ECF No. 105, at 9.) These offenses occurred during the time frame of the conspiracy, which is October 2013 to May 2014, but they are not substantively charged in the federal indictment at this time. (Hr'g Tr. 20:1–6, June 2, 2014.)

The government, by way of proffer, asserted that agents intercepted "numerous" phone conversations between defendant and other conspirators. (*Id.* at 20:22–24.) The government proffered that in one of the intercepted calls, defendant told a coconspirator he indented to shoot an individual he encountered, but did not because there were too many bystanders. (*Id.* at 21:1–8.)

Defendant did not call any witnesses or present evidence, but did proffer the following information through counsel. Defendant is eighteen years old and attends school at Phase Four Learning Academy, where he is a senior. (*Id.* at 39:17–19.) He intends to finish his coursework for his diploma and attend a trade school to become an electrician. (*Id.* at 39:19–21.) He resides with his mother, father, and two brothers in Wilkinsburg. (*Id.* at 39:22–25.) His mother, who is on leave from her employment as a nurse assistant due to back surgery is available to monitor defendant should he be released. (*Id.* at 39:25–40:5.) Defendant has no juvenile criminal history. (*Id.* at 40:8.) Defendant introduced a report which stated that 52.9 percent of defendants in the Western District of Pennsylvania were released pending trial in 2013. (*Id.* at 40:19–41:4.)

---

1   There are fifty bags of heroin in a "brick." (Hr'g Tr. 27:13–14, June 2, 2014.) The government stated that, although subject to variation, the street value of a brick of heroin is approximately $350. Defendant did not object to this valuation.

4

The magistrate judge found the decision to be "a difficult call" due to the age of defendant and the recommendation from Pretrial Services that he be released with conditions. (*Id.* at 50:22–24.) Because defendant had been caught twice with large amounts of heroin and caught on the wiretap threatening to harm someone, the magistrate judge granted the government's motion to detain defendant. (*Id.* at 50:25–51:15.) The magistrate judge found that defendant did not rebut the presumption that no condition or combination of conditions could guarantee the safety of the community. (ECF No. 74.)

### B. *Evidence at the Hearing Before the District Court*

Because of the rebuttable presumption, defendant presented evidence first. Defendant presented the testimony of defendant's mother, Tamara Lyons. During her direct examination, defendant introduced three exhibits. Exhibit A was a letter from defendant's school, Phase Four Learning Academy, indicating he is eligible to continue his education when classes resume in the fall and that he needs to complete five more classes to earn his diploma. Exhibit B was a letter from Minister Tracy Hudson of Arc of the Covenant United Holy Church. Minister Hudson wrote that defendant was raised to be a respectful, hard-working, and law-abiding young man. Exhibit C was a synopsis sheet produced by the government detailing an intercepted phone call.

Defendant played the audio from the intercepted phone call in which the government alleges defendant discussed shooting an individual. Defendant's mother testified that she was familiar with her son's voice and the voice on the recording was not that of her son. Defendant's mother also testified that defendant lived in the community for many years and regularly attended church.

### C. *Rebuttable Presumption*

The government did not argue that defendant is a risk of flight. The only issue to resolve is whether defendant rebutted the presumption that no condition or combination of conditions of release could adequately assure the safety of the

5

community. With respect to the factors in 18 U.S.C. § 3142(g), the court finds as follows.

*The nature and circumstances of the offense charged.* Defendant did not offer any evidence to rebut the presumption under this factor.

*The weight of the evidence against the person.* Defendant did not offer any evidence to rebut the presumption under this factor.

*The history and characteristics of the person.* The letter from Minister Hudson went to this factor, as it dealt with defendant's character and community ties. The court did not give this letter much weight because the scope of the relationship between Minister Hudson and defendant was not certain from the contents of the letter. Defendant's mother also testified about the defendant's character, community ties, and lack of a juvenile criminal history. The court gave weight to this testimony.

*Whether the person was on probation or other release pending trial.* Defendant was on bond with the state court for the January 2014 offense when he was arrested in April 2014.

*Danger to the community.* Defendant did not offer any evidence to rebut the presumption under this factor.

The only evidence presented by defendant to rebut the presumption was under 18 U.S.C. § 3142(g)(3)(A), dealing with the character and community ties of defendant. Because the issue in this case is the safety of the community, not defendant's risk of flight, evidence of community ties is "of limited weight." *United States v. Delker*, 757 F.2d 1390, 1396 (3d Cir. 1985). Although defendant's burden in rebutting the presumption is not high, the court finds that defendant did not present evidence sufficient to rebut the presumption.

### D. Clear and Convincing Evidence of Danger to Community

Even if the presumption were rebutted, the court finds by clear and convincing evidence that no condition or conditions of release would assure the safety of the community.

*The nature and circumstances of the offense charged.* Defendant is charged with a serious drug-trafficking conspiracy. Safety of the community is implicated not only by violence, but also by narcotics trafficking. In cases involving drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs. *United States v. Perry*, 788 F.2d 100, 111 (3d Cir. 1986).

*The weight of the evidence against the person.* The weight of the evidence against defendant is strong. The court gave no weight to the intercepted phone call allegedly between defendant and a coconspirator in which violence was discussed because defendant's mother testified the voice of the phone was not that of her son. The government did not produce any witnesses who could identify the voice. The court did, however, consider the police reports of the two arrests of defendant. At each arrest, he was found with large quantities of drugs and cash, which are indicia of trafficking rather than possession. There was also evidence that the government intercepted numerous other phone calls between defendant and coconspirators.

*The history and characteristics of the person.* Defendant has no employment or other financial resources, but police discovered large amounts of cash on his person on two occasions.

*Whether the person was on probation or other release pending trial.* Defendant was on bond with the state court for the January 2014 offense when he was arrested in April 2014.

*Danger to the community.* Based upon the fact that defendant was on bond when he was arrested a second time with a significant amount of heroin and his lack of employment, and considering that the rebuttable presumption retains evidentiary weight, the court concludes that defendant would likely continue to engage in drug trafficking if released and thus be a danger to the community.

Considering the above factors, the rebuttable presumption, which retains evidentiary weight, and the record as a whole, the court concludes that no condition or set of conditions would assure the safety of the community if defendant were released pending trial. The government met its burden to show by clear and

convincing evidence that defendant poses a risk of danger to the community because he is likely to engage in drug trafficking if released prior to trial. The court will, therefore, enter an order of detention for defendant pending trial.[2]

    Dated: July 10, 2014

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

---

2    Even if defendant were not a danger to the community, there was insufficient evidence of a suitable place for defendant to stay. Defendant's mother's house was unsuitable because defendant's step-father is currently on house arrest. Defendant suggested that he could live with his twenty-two-year-old sister and that his mother, who is on medical leave from work, could supervise him during the day. Defendant's sister did not testify, however, and the mother was unable to identify the hours the sister worked or the visitors she had to her apartment. Additionally, defendant irregularly attended school. His mother testified that he went to school approximately three days per week for four hours in the afternoon per day. According to defendant's 2013–2014 progress report (Defendant's Exhibit A), in the third quarter defendant attended nine days out of forty-five, one time per week on average.